ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| WILLIAM LÓPEZ COLÓN, ET ALS.<br><br>Recurrido-Apelado<br><br>v.<br><br>ANTONIO RIVERA ORTEGA, ET ALS.<br><br>Peticionario-Apelante | KLCE202301153<br><br>consolidado con<br><br>KLCE202301178 | *Certiorari* y *Apelación* procedentes del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil Núm. BY2022CV04519<br><br>Sobre: Sentencia Declaratoria e Interdicto Preliminar y Permanente, Incumplimiento de Contrato, Culpa In Contrahendo, Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Romero García, la Jueza Martínez Cordero y el Juez Campos Pérez[1]

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2024.

Comparece el señor Antonio Rivera Ortega (señor Rivera Ortega o peticionario y apelante), mediante un recurso de *Certiorari* presentado el 18 de octubre de 2023 (KLCE202301153), y nos solicita la revisión de una trilogía de órdenes del Tribunal de Primera Instancia, Sala Superior de Bayamón, notificadas el 2, 10 y 13 de octubre de 2023, respectivamente. En la primera, el Tribunal de Primera Instancia concedió al compareciente un término final de diez días para que acreditara que suplementó las contestaciones a un interrogatorio cursado por el señor William López Colón (señor López Colón o recurrido y apelado), so pena de anotarle la rebeldía y eliminar las alegaciones.[2] En la segunda, el foro impugnado declaró sin lugar, por tardía, la solicitud del señor

---

[1] El Hon. José I. Campos Pérez sustituyó al Hon. Juan R. Hernández Sánchez, por virtud de la Orden Administrativa TA-2023-212, emitida el 6 de diciembre de 2023.

[2] Apéndice KLCE202301153, pág. 5. En la *Orden* emitida el 12 de octubre y notificada al día siguiente, Apéndice KLCE202301153, pág. 4, en esencia, el TPI se limita a reiterar el mandato judicial de 2 de octubre de 2023.

Número Identificador

SEN2024 _____

Rivera Ortega para enmendar su *Reconvención*.[3] En la tercera, el tribunal *a quo* no dio paso a cierta prueba pericial notificada y anunciada por el peticionario, toda vez que fue presentada extinto el término provisto para el descubrimiento de prueba.[4]

Al día siguiente de instado el recurso discrecional, el señor Rivera Ortega solicitó nuestro auxilio para paralizar los procedimientos ante el foro recurrido. Mediante la *Resolución* de 19 de octubre de 2019, declaramos sin lugar el pedimento.

Posteriormente, el 25 de octubre de 2023, el señor Rivera Ortega solicitó, nuevamente, nuestra intervención mediante una petición de *Certiorari* (KLCE202301178), aquí acogida como *Apelación*,[5] a los fines de revocar una *Sentencia Parcial*, emitida el 18 de octubre de 2023 y notificada al día siguiente.[6] En el aludido dictamen, el foro apelado anotó la rebeldía al señor Rivera Ortega, eliminó sus alegaciones y desestimó sin perjuicio su *Reconvención*. El peticionario y apelante también acompañó el recurso con otra petición de paralización. Emitimos una *Resolución* el mismo día y declaramos sin lugar la solicitud.

La parte recurrida y apelada, a su vez, solicitó la desestimación de la causa KLCE202301153 presentada el 18 de octubre de 2023, al alegar la falta de notificación del auto discrecional y su apéndice por correo electrónico, según surge de la certificación de la parte peticionaria y apelante.[7] No obstante, reconoció que, el 20 de octubre de 2023, dentro del término de cumplimiento escrito, recibió por correo certificado la petición de

---

[3] Apéndice KLCE202301153, págs. 1-2.

[4] Apéndice KLCE202301153, pág. 3.

[5] Acogemos el recurso como una *Apelación*, pues se impugna una *Sentencia Parcial*. Por economía procesal, conservamos la clasificación alfanumérica otorgada en Secretaría.

[6] Apéndice KLCE202301178, págs. 1-3.

[7] Huelga mencionar que la parte peticionaria no tiene que incluir el apéndice cuando notifica al Tribunal de Primera Instancia la presentación del recurso ante este foro revisor. Véase, Regla 33 (A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

*Certiorari* y su respectivo apéndice. Por consiguiente, estimamos que no procede su pedimento desestimatorio.

Asimismo, a instancia del señor López Colón, el 30 de octubre de 2023, dictamos una *Resolución* y ordenamos la consolidación de ambas causas, al amparo de la Regla 80.1 del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B. Veamos a continuación, el tracto procesal pertinente a las controversias planteadas en los recursos consolidados.

**I.**

El presente caso se inició el 1 de septiembre de 2022, ocasión en que el señor López Colón y Valex Di Corporation, entre otros, instaron una *Demanda Jurada* sobre sentencia declaratoria, interdicto preliminar y permanente, incumplimiento de contrato, *culpa in contrahendo*, daños y perjuicios.[8] En esencia, el señor López Colón alegó que entabló negociaciones con el señor Rivera Ortega y Empresas Rivera LLC para que se encargaran con exclusividad de la distribución de los productos de la empresa Maná's Bakery Pan del Cielo (Maná's Bakery), así como del servicio al cliente, a cambio de un quince por ciento del total de las ventas al por mayor. Indicó que le prestó un vehículo de motor al señor Rivera Ortega para la entrega de productos, con el fin que éste se hiciera cargo de los gastos relacionados, pero sostuvo que el peticionario y apelante incumplió con lo pactado.

El señor López Colón adujo que, el 1 de noviembre de 2021, conversó con el señor Rivera Ortega para ceder las operaciones de Maná's Bakery, la cual se encontraba libre de deudas. Para ello, el

---

[8] Apéndice KLCE202301153, págs. 98-113 o entrada 1. El texto de las páginas está truncado, por lo que acudimos al expediente electrónico del caso en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). La parte demandante está compuesta por el señor López Colón, su cónyuge, Nancy Colón Berríos, la sociedad legal de bienes gananciales que ambos conforman y Valex Di Corporation. De otro lado, además del señor Rivera Ortega, la acción civil se incoó contra Empresas Rivera, LLC y otros demandados con nombres desconocidos.

peticionario y apelante debía pagar en o antes de 20 de noviembre de 2021 un monto ascendente a $8,867 que no satisfizo en la fecha acordada. El señor López Colón planteó que preparó un borrador para la cesión antes aludida, pero ésta no pudo perfeccionarse, ya que el señor Rivera Ortega no la suscribió, sin ofrecer justificación alguna. Añadió que, si bien desistió de la operación de distribución, el señor Rivera Ortega aún se encargaba del servicio al cliente de Maná's Bakery, pero ello sin autorización ni la obtención de los permisos requeridos. Acotó, además, que el señor Rivera Ortega ha pagado con cheques sin fondo, incluso a los suplidores, y que tampoco ha cumplido con los cánones de arrendamiento ni con el pago de la nómina. Afirmó que, sin potestad para ello, el señor Rivera Ortega cambió el logotipo y los rótulos de Maná's Bakery.

El señor López Colón denunció también que, el 25 de septiembre de 2021, suscribió un contrato de arrendamiento de un local del señor Rivera Ortega y sus familiares, para expandir sus operaciones, pero alegó que la propiedad no era comercial, sino residencial.[9] Al desistir del acuerdo por dicha causa, tuvo que pagar una penalidad por la cancelación. En fin, el señor López Colón arguyó que los alegados incumplimientos del señor Rivera Ortega han comprometido la estabilidad económica, el buen nombre, reputación y la propia existencia de Maná's Bakery. Entre otros remedios interdictales,[10] estimó una indemnización de $350,000.

---

[9] Véase, Apéndice KLCE202301153, págs. 41-49.

[10] En cuanto a los remedios interdictales, cabe señalar que el 3 de noviembre de 2022, notificada el día 4, el foro sentenciador dictó una *Sentencia Parcial*, mediante la cual tornó el caso al procedimiento ordinario y archivó la causa del recurso extraordinario, por virtud de un *Acuerdo Confidencial y Privilegiado de Transacción* allegado entre las partes litigantes. Entrada 49 SUMAC.

El 5 de diciembre de 2022, el señor Rivera Ortega presentó *Contestación a la Demanda y Reconvención.*[11] En síntesis, negó la mayoría de las alegaciones en su contra, las cuales catalogó de falsedades. Aclaró que el señor López Colón operaba dos negocios distintos en un mismo local, a saber, una fábrica de productos de panadería que vendía al por mayor y una panadería con ventas al detal. Indicó que el negocio jurídico entre los contendientes constó de la distribución al por mayor de los productos de la fábrica y la operación de la panadería, para lo cual el señor Rivera Ortega arrendaría el edificio y su contenido, a razón de un canon de $1,000 semanales. Sin embargo, aseguró que el señor López Colón permaneció en el inmueble arrendado, en lugar de mudar la fábrica a otro local, según lo previsto, por lo que aquél recibía renta por un espacio que continuaba ocupando. Al respecto, enunció que el local que el señor López Colón le arrendó el 25 de septiembre de 2021 era comercial; y añadió que al recurrido y apelado se le entregó un permiso de uso de 6 de agosto de 1986. Explicó que el señor López Colón desistió del acuerdo por falta de dinero.

Con relación al acuerdo frustrado, señaló que el señor López Colón se había negado a suscribir el contrato negociado, por lo que se le había imposibilitado la obtención de permisos. Agregó también que el señor López Colón se había beneficiado, ya que tenía una conexión de electricidad ilegal, por lo que no pagaba la utilidad, ni el gas, combustible y mantenimiento del generador de emergencia. Por igual, minimizó las alegaciones de amenaza a la estabilidad del negocio, las cuales tildó de exageraciones.

En su *Reconvención,* el señor Rivera Ortega ofreció su versión de los acercamientos entre las partes para que éste se

---

[11] Apéndice KLCE202301153, págs. 114-127 o entrada 54. Igualmente, el texto de las páginas está incompleto, por lo que acudimos al expediente electrónico del caso en el SUMAC.

hiciera cargo de Maná's Bakery. Afirmó que el señor López Colón le representó que trasladaría a otro local las operaciones de la fábrica, por lo que, el 29 de octubre de 2021, pactó el arrendamiento por un término de cinco años, un canon semanal de $1,000 y la obligación de adquirir los productos de la panadería exclusivamente de la fábrica. Al permanecer en la misma instalación arrendada, el señor Rivera Ortega alegó que el recurrido y apelado infringió una condición fundacional del contrato. Por igual, adujo que la presunta negativa del señor López Colón para perfeccionar el contrato verbal a uno escrito, impidió que el peticionario y apelante obtuviera los permisos y operaciones bancarias a su nombre. A esos efectos, envió una comunicación al señor López Colón con varias exigencias. Aseguró que la contraoferta recibida resultó en una irrazonable y onerosa. Al replicar, dijo que reiteró su disposición al diálogo, pero que dicho esfuerzo resultó infructuoso. Por consiguiente, reclamó el pago de $42,000 por gastos inherentes al local, así como una partida de $365,000 por concepto de ganancias dejadas de devengar.

El 13 de diciembre de 2022, el señor López Colón replicó.[12] Imputó al señor Rivera Ortega haberse cruzado de brazos para que el acuerdo no se hubiera suscrito. Si bien aceptó el recibo de la comunicación antes referida, rechazó su contenido. Al negar escuetamente las alegaciones en su contra, en general, se remitió a las reclamaciones de su acción civil.

Así trabadas las controversias, y en lo atinente a las contenciones del peticionario y apelante, surgen del tracto procesal las siguientes incidencias:

- El 1 de febrero de 2023, las partes presentaron el *Informe para el manejo del caso.*[13] Del documento surge que el señor Rivera Ortega consultó al perito economista Pedro J.

---

[12] SUMAC, entrada 59.
[13] Apéndice KLCE202301153, págs. 63-72.

Santiago Méndez, quien rindió un informe preliminar. El documento fue notificado al señor López Colón el 31 de enero de 2023.[14]

- En la *Vista Inicial* celebrada el 1 de marzo de 2023, la representación legal del señor Rivera Ortega indicó que el perito prepararía un informe final. Por su parte, la representación legal del señor López Colón se reservó el derecho de contratar prueba pericial para rebatir al experto. En esa ocasión, el foro primario ordenó a las partes a cumplir con los interrogatorios y las contestaciones.[15]

- El 10 de marzo de 2023, el señor López Colón envió al señor Rivera Ortega un *Segundo pliego de interrogatorios y requerimiento de producción de documentos*.[16] El *Primer pliego de interrogatorios y requerimiento de producción de documentos* había sido remitido el 26 de diciembre de 2022.[17]

- El 5 de mayo de 2023, el señor López Colón informó al tribunal el incumplimiento del señor Rivera Ortega en contestar el *Segundo pliego de interrogatorios y requerimiento de producción de documentos*.[18]

- En respuesta, el 8 de mayo de 2023, el foro judicial notificó la sanción por $100 a la representación legal del señor Rivera Ortega, Lcda. Marta Ojeda Rodríguez, y concedió un nuevo término de diez días. <u>La *Orden* se notificó directamente a la parte peticionaria y apelante</u>.[19]

- El *Segundo pliego de interrogatorios y requerimiento de producción de documentos* fue contestado bajo juramento por el señor Rivera Ortega el 18 de mayo de 2023.[20]

- El 8 de junio de 2023, el señor López Colón objetó las contestaciones al *Segundo pliego de interrogatorios y requerimiento de producción de documentos*.[21]

- El 30 de junio de 2023, notificada el 5 de julio de 2023, el foro *a quo* <u>ordenó al señor Rivera Ortega a suplementar las contestaciones en un término de veinte días y advirtió la imposición de sanciones por incumplimiento</u>.[22]

- El 27 de julio de 2023, el señor López Colón informó el incumplimiento del señor Rivera Ortega y solicitó la imposición de sanciones, según lo advertido, la anotación de rebeldía, la eliminación de las alegaciones y la desestimación con perjuicio de la *Reconvención*.[23]

---

[14] Apéndice del *Alegato de la parte recurrida*, págs. 1; 2-8.

[15] Apéndice del *Alegato de la parte recurrida*, págs. 9-11.

[16] Apéndice KLCE202301153, págs. 73-85.

[17] Entrada 61, SUMAC.

[18] Entrada 116, SUMAC.

[19] Apéndice del *Alegato de la parte recurrida*, pág. 13. La *Orden* se notificó a: ANTONIO E. RIVERA ORTEGA H6 06 BOX 13494, COROZAL, PUERTO RICO, 00783 y a EMPRESAS RIVERA LLC H6 06 BOX 13494, COROZAL, PUERTO RICO, 00783.

[20] Apéndice KLCE202301153, págs. 86-90.

[21] Apéndice del *Alegato de la parte recurrida*, págs. 32-42, con anejos a las págs. 43-67.

[22] Entrada 142, SUMAC.

[23] Entrada 144, SUMAC. Reiteró la petición de 16 de agosto de 2023; véase, *Alegato de la parte recurrida*, págs. 71-73.

- Con relación al previo pedimento, el 31 de julio de 2023, tribunal emitió una *Orden,* mediante la cual <u>sancionó a la representación legal del señor Rivera Ortega por $200</u>, so pena de anotar la rebeldía y eliminar las alegaciones. <u>La notificación enmendada de 24 de agosto de 2023 se remitió a la dirección de la parte peticionaria y apelante</u>, toda vez que, el 31 de julio de 2023, la Secretaría únicamente notificó a los respectivos representantes legales.[24]

- El 15 de agosto de 2023, la representación legal del señor Rivera Ortega presentó su renuncia.[25] El tribunal intimado respondió que evaluaría la solicitud de renuncia cuando se suplementaran las contestaciones al *Segundo pliego de interrogatorios y requerimiento de producción de documentos.* Recordó, además, el apercibimiento de la anotación de rebeldía y la eliminación de las alegaciones y <u>ordenó notificar el dictamen a la parte peticionaria y apelante</u>.[26]

- El 16 de agosto de 2023, el foro primario notificó a los abogados de las partes una *Orden* para dar por culminado el procedimiento de descubrimiento de prueba, efectivo el 31 de agosto de 2023, con excepción de la deposición al señor Rivera Ortega.[27]

- El 5 de septiembre de 2023, el Lcdo. Héctor Santiago Rivera solicitó unirse a la representación legal.[28] El 20 de septiembre de 2023, el foro de primera instancia relevó a la Lcda. Marta Ojeda Rodríguez y aceptó la representación solicitada.[29]

- El 14 de septiembre de 2023, el señor Rivera Ortega informó al tribunal que en la misma fecha envió al señor López Colón las contestaciones a las objeciones del *Segundo pliego de interrogatorios y requerimiento de producción de documentos.*[30]

- El 19 de septiembre de 2023, el señor López Colón ripostó que el documento remitido no cumplía con la *Orden* del tribunal *a quo* y enunció que la anotación de rebeldía y la eliminación de las alegaciones debían "permanecer".[31]

---

[24] Entrada 145, SUMAC.

[25] Entrada 151, SUMAC.

[26] Entrada 157, SUMAC. La *Orden* se notificó a: ANTONIO E. RIVERA ORTEGA H6 06 BOX 13494, COROZAL, PUERTO RICO, 00783 y a EMPRESAS RIVERA LLC H6 06 BOX 13494, COROZAL, PUERTO RICO, 00783.

[27] Entrada 154, SUMAC; véase también la entrada 180, SUMAC. En esta última *Orden,* el TPI reiteró la culminación del descubrimiento de prueba y expresó que lo único que estaba pendiente era el suplemento a las contestaciones del interrogatorio y la deposición del señor Rivera Ortega.

[28] Apéndice KLCE202301153, pág. 50. A esa fecha, los procedimientos estaban paralizados, toda vez que el foro primario había ordenado al señor López Colón a prestar una fianza de no residente de $2,000; refiérase a la entrada 160, SUMAC.

[29] Apéndice del *Alegato de la parte recurrida,* págs. 74-75.

[30] Entradas 167, SUMAC.

[31] Entrada 168, SUMAC.

- En la *Orden* de 19 de septiembre de 2023, <u>notificada el día 20, incluyendo al señor Rivera Ortega y a Empresas Rivera LLC</u>,[32] el tribunal primario expresó:

  .    .    .    .    .    .    .    .

    Note parte demandante que, al momento, no se han eliminado alegaciones ni anotado la rebeldía a la parte demandada. Sí se apercibió a la parte demandada sobre ello ante el incumplimiento con la orden sobre suplementar las contestaciones a interrogatorio, la cual quedó en suspenso ante la imposición de fianza no residente y renuncia de representación legal.

    <u>Se le ordena a la parte demandada suplementar las contestaciones a interrogatorio, según previamente ordenado, en término final de 10 días, so pena de eliminar alegaciones y anotar la rebeldía</u>.[33] (Subrayado nuestro).

- El 30 de septiembre de 2023, el señor López Colón detalló sus contenciones a las contestaciones no responsivas y los documentos no suministrados; a saber: 3-6 y 8-13.[34]

- El foro judicial evaluó las objeciones y dictó una *Orden* el 2 de octubre de 2023:

    Evaluada la moción de la parte demandante, concurrimos en que las contestaciones a interrogatorio suplementadas de la parte demandada no cumplen con la orden del tribunal. La parte demandada debe ser responsiva e indicar si tiene información o la documentación requerida. En la negativa, debe acreditar las gestiones razonables para obtener la información o la documentación y así debe afirmarlo bajo juramento.

    Tiene la parte demandada 10 días **finales** para acreditar que suplementó las contestaciones, según ordenado por el tribunal y señalado por la parte demandante en su escrito del 30 de septiembre de 2023, <u>so pena de anotar la rebeldía y eliminar las alegaciones</u>. **Notifíquese a parte demandada**.[35] (Énfasis en el original y subrayado nuestro).[36]

- El 5 de octubre de 2023, a través del licenciado Santiago Rivera, el señor Rivera Ortega interpuso una moción para

---

[32] La *Orden* se notificó a: ANTONIO E. RIVERA ORTEGA H6 06 BOX 13494, COROZAL, PUERTO RICO, 00783 y a EMPRESAS RIVERA LLC H6 06 BOX 13494, COROZAL, PUERTO RICO, 00783.

[33] Apéndice del *Alegato de la parte recurrida*, págs. 74-75.

[34] Apéndice del *Alegato de la parte recurrida*, págs. 76-82, con anejo a las págs. 83-85.

[35] La *Orden* se notificó a: ANTONIO E. RIVERA ORTEGA H6 06 BOX 13494, COROZAL, PUERTO RICO, 00783 y a EMPRESAS RIVERA LLC H6 06 BOX 13494, COROZAL, PUERTO RICO, 00783.

[36] Apéndice KLCE202301153, pág. 5.

enmendar la *Reconvención*.[37] Además, sometió con enmiendas el informe pericial preliminar del perito economista Pedro J. Santiago Méndez.[38] Por igual, el 12 de octubre de 2023, argumentó a favor de la admisión del referido perito y, a su vez, anunció prueba pericial adicional, en referencia a un perito electricista y a un ingeniero electricista.[39]

- El señor López Colón se opuso a la enmienda de la *Reconvención* y a la admisión de un informe económico, por haber culminado el procedimiento de descubrimiento de prueba el 31 de agosto de 2023. Rechazó las imputaciones de no proveer documentos para justificar la tardanza y destacó que, de haber sido así, el señor Rivera Ortega pudo invocar la Regla 34 de Procedimiento Civil.[40]

- El 10 de octubre de 2023, el Tribunal de Primera Instancia, entre otros pronunciamientos, declaró sin lugar la enmienda a la *Reconvención* por ser tardía.[41]

- El 11 de octubre de 2023, el señor Rivera Ortega se reafirmó en las contestaciones vertidas con relación a las objeciones del *Segundo pliego de interrogatorios y requerimiento de producción de documentos*.[42] El foro de primera instancia no dio por cumplido su mandato y reiteró la *Orden* de 2 de octubre anterior.[43]

- El 12 de octubre de 2023, notificada el día 13, el tribunal notificó la *Orden*, por la cual no permitió la prueba pericial, al haber transcurrido el término del descubrimiento de prueba.[44]

- El 18 de octubre de 2023, archivada en autos al día siguiente, el foro de primera instancia dictó una *Sentencia Parcial*, por la cual anotó la rebeldía al señor Rivera Ortega, suprimió sus alegaciones y desestimó, sin perjuicio, su *Reconvención*.[45]

Según expusimos, el foro recurrido notificó tres dictámenes en los que dio un término final de diez días para que el señor Rivera Ortega acreditara que suplementó las contestaciones al *Segundo pliego de interrogatorios y requerimiento de producción de*

---

[37] Apéndice KLCE202301153, págs. 128-129; véase, *Reconvención Enmendada* no aceptada, Apéndice KLCE202301153, págs. 130-132.

[38] Apéndice del *Alegato de la parte recurrida*, pág. 86, con anejos a las págs. 87-94.

[39] Apéndice del *Alegato de la parte recurrida*, págs. 99-103, con anejos a las págs. 104-115.

[40] Apéndice KLCE202301153, págs. 54-62.

[41] Apéndice KLCE202301153, págs. 1-2.

[42] Apéndice del *Alegato de la parte recurrida*, págs. 95-98 y Apéndice KLCE202301153, págs. 73-85 (anejo 1); 91-93 (anejo 3). El anejo 2 corresponde a las contestaciones del *Primer pliego de interrogatorios y requerimiento de producción de documentos*; entrada 194, SUMAC.

[43] Apéndice KLCE202301153, pág. 4.

[44] Apéndice KLCE202301153, pág. 3.

[45] Apéndice KLCE202301178, págs. 1-3.

*documentos* y advirtió que el incumplimiento conllevaría la anotación de rebeldía y la eliminación de las alegaciones; en otro, declaró sin lugar, por tardía, las enmiendas a la *Reconvención*; y en el último, no permitió la prueba pericial, ya que había culminado el descubrimiento de prueba. De estos pronunciamientos, el peticionario instó un recurso de *Certiorari* y expuso los siguientes errores:

### KLCE202301153[46]

(A) ERRÓ EL TPI AL NO PERMITIR QUE RIVERA ORTEGA TENGA SU D[Í]A EN CORTE AL IMPONER UNA CAMISA DE FUERZA EN LA LITIGACIÓN CON LAS [Ó]RDENES DEL 10 Y 13 DE OCTUBRE DE 2023.

(B) ERRÓ EL TPI AL ABUSAR DE SU DISCRECIÓN EN SU ORDEN EL 10 DE OCTUBRE DE 2023 DECLARANDO NO HA LUGAR, LA SOLICITUD PARA ENMENDAR LA RECONVENCIÓN POR SER TARDÍA EN ESTA ETAPA DE LOS PROCEDIMIENTOS.

(C) ERRÓ EL TPI AL ABUSAR DE SU DISCRECIÓN EN SU ORDEN DEL 13 DE OCTUBRE DE 2023, TRAS NO PERMITIR LA PRUEBA PERICIAL ECONÓMICA DE LA PARTE DEMANDADA DEBIDAMENTE ANUNCIADA EN EL INFORME PARA EL MANEJO DEL CASO ELABORADO ENTRE LAS PARTES Y RADICADO ANTE EL TPI EL 1 DE FEBRERO DE 2023. A LA FECHA DE REDACCIÓN DEL PRESENTE CERTIORARI NO SE HA CONFECCIONADO EL INFORME DE CONFERENCIA CON ANTELACIÓN AL JUICIO NI SE HA REALIZADO LA CORRESPONDIENTE VISTA DE CONFERENCIA.

(D) ERRÓ EL TPI AL ABUSAR DE SU DISCRECIÓN EN SU ORDEN DEL 13 DE OCTUBRE DE 2023, TRAS NO PERMITIR LA PRUEBA PERICIAL DEL INGENIERO Y EL PERITO ELECTRICISTA DE LA PARTE DEMANDADA, ANUNCIADO ANTES DE LA ELABORACIÓN DEL INFORME DE CONFERENCIA CON ANTELACIÓN AL JUICIO.

(E) ERRÓ EL TPI AL ABUSAR DE SU DISCRECIÓN EN SU ORDEN DEL 13 DE OCTUBRE DE 2023, DECLARANDO NO HA LUGAR LAS CONTESTACIONES SUPLEMENTADAS AL [SEGUNDO] PLIEGO DE INTERROGATORIOS DEL 14 DE SEPTIEMBRE DE 2023.

(F) ERRÓ EL TPI AL ABUSAR DE SU DISCRECIÓN DETERMINANDO ARBITRARIAMENTE QUE EL PERIODO DE DESCUBRIMIENTO DE PRUEBA FINALIZ[Ó] EL 31 DE AGOSTO DE 2023, CUANDO

---

[46] Subrayado en el original suprimido.

A[Ú]N NO SE HAB[Í]A REALIZADO LA VISTA DE CONFERENCIA CON ANTELACÓN AL J[U]ICIO.

Luego, al justipreciar que el señor Rivera Ortega incumplió con sus órdenes, el 19 de octubre de 2023, el tribunal primario dictó una *Sentencia Parcial*, por virtud de la cual ejecutó lo apercibido. En consecuencia, anotó la rebeldía del peticionario y apelante, eliminó sus alegaciones y desestimó sin perjuicio la *Reconvención*. Insatisfecho, el señor Rivera Ortega acudió oportunamente ante nos y esbozó los siguientes señalamientos de error:

### KLCE202301178[47]

(A) ERRÓ EL TPI EN FORMA MANIFIESTA AL AQUILATAR LA PRUEBA DE LA PARTE DEMANDADA DICTANDO SENTENCIA PARCIAL EL 18 DE OCTUBRE DE 2023, ELIMINANDO LAS ALEGACIONES DE LA PARTE RECURRENTE, ANOTÁNDOLE LA REBELDÍA Y LA DESESTIMACIÓN Y ARCHIVO SIN PERJUICIO DE LA RECONVENCIÓN INSTADA.

(B) ERRÓ EL TPI EN FORMA MANIFIESTA AL AQUILATAR LA PRUEBA DE LA PARTE DEMANDADA DICTANDO SENTENCIA PARCIAL EL 18 DE OCTUBRE DE 2023, ANOT[Á]NDOLE LA REBELD[Í]A AL RECURRENTE.

(C) ERRÓ EL TPI EN FORMA MANIFIESTA AL AQUILATAR LA PRUEBA DE LA PARTE DEMANDADA DICTANDO SENTENCIA PARCIAL EL 18 DE OCTUBRE DE 2023, ORDENANDO LA DESESTIMACIÓN Y ARCHIVO SIN PERJUICIO DE LA RECONVENCIÓN INSTADA.

La parte recurrida y apelada presentó sendos alegatos el 30 de octubre y el 3 de noviembre de 2023. Con el beneficio de ambas comparecencias, resolvemos.

## II.

**El auto de *Certiorari***

El auto de *Certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG*

---

[47] Subrayado en el original suprimido.

*Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). A diferencia de la apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *Certiorari* de manera discrecional. *García v. Padró, supra*. El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Id.*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Por ende, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera..." *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra*, págs. 334-335.

El ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró, supra*, pág. 335; *Pueblo v. Ortega Santiago, supra*.

Es sabido que la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las cuales este foro intermedio tiene autoridad para atender los recursos de *Certiorari*. En su parte pertinente, la norma dispone como sigue:

.     .     .     .     .     .     .     .

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y **por excepción** a lo dispuesto

anteriormente, **el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de** testigos de hechos o **peritos esenciales**, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis nuestro).

.     .     .     .     .     .     .     .

La regla procesal fija taxativamente los asuntos aptos para la revisión interlocutoria mediante el recurso de *Certiorari*, así como aquellas materias que, por excepción, ameritan nuestra intervención adelantada, ya fuese por su naturaleza o por el efecto producido a las partes. *800 Ponce de León v. AIG, supra*, pág. 175.

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *Certiorari*, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de Certiorari*, 4 LPRA Ap. XXII-B, R. 40. Así reza:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Claro está, **es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional**, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018), que cita con aprobación a *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000); *Meléndez Vega v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

### *La Regla 39.2 (a) de Procedimiento Civil*

La Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1, propende a una interpretación que facilite "el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica de todo procedimiento". Ello así, porque en nuestro ordenamiento jurídico se favorece la política judicial de que los casos se ventilen en sus méritos. *Mercado Figueroa v. Mun. San Juan*, 192 DPR 279, 287-288 (2017); *Rivera et al. v. Superior Pkg., Inc. et al.,* 132 DPR 115, 124 (1992). Los litigantes deben ser diligentes en el trámite de sus causas. Si bien se favorece que la parte tenga su día en corte, ello no equivale a que una parte tenga derecho a que el caso tenga vida eterna en los

tribunales y mantenga a su contendiente en un estado de incertidumbre. *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 221-222 (2001).

Con relación al presente caso, entre las consecuencias reconocidas ante la negativa de obedecer órdenes judiciales, vinculadas con el descubrimiento de prueba, se encuentran las siguientes: (1) ordenar que se tengan por ciertas y probados para efectos del pleito ciertas materias comprendidas en sus órdenes; (2) impedir a la parte que incumpla que sostenga o se oponga a determinadas reclamaciones o defensas y **prohibirle la presentación de cierta evidencia**; (3) **eliminar alegaciones** o parte de ellas o suspender los procedimientos posteriores o **desestimar el pleito** o dictar sentencia en rebeldía contra el incumplidor; (4) desacato al tribunal por la negativa de obedecer; e (5) **imponer sanciones económicas**. Regla 34.3 de Proc. Civil, 32 LPRA Ap. V, R. 34.3. Así, pues, "los foros judiciales tienen la facultad de imponer sanciones drásticas, como la eliminación de las alegaciones de una parte, cuando ésta incumpla con los parámetros de un descubrimiento de prueba". *HRS Erase v. CMT*, 205 DPR, 689, 700 (2020). Ahora, el Tribunal Supremo ha expresado que la desestimación de un pleito debe ser el último recurso y **luego de un apercibimiento directo a la parte sobre los incumplimientos de su representación legal**. *Id.*, págs. 700-701; refiérase a *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494 (1982) y a *Ramírez de Arellano v. Srio. de Hacienda*, 85 DPR 823 (1962). De esta forma, se da conocimiento a la parte quien, de ordinario, no está informada de los trámites judiciales rutinarios. *Pueblo v. Rivera Toro*, 173 DPR 137, 147 (2008); *Mun. de Arecibo v. Almac. Yakima, supra*, pág. 223; *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 814 (1986). Asimismo, se evita un uso desmesurado del mecanismo procesal de la desestimación, el cual puede

"vulnerar el fin que persiguen los tribunales, que es impartir justicia". *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714, 721 (2009). A esos efectos, la Regla 39.2 (a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2, dispone como sigue:

> (a) Si la parte demandante **deja de cumplir** con estas reglas o **con cualquier orden del tribunal,** el tribunal a iniciativa propia o a solicitud de la parte demandada **podrá decretar la desestimación** del pleito o **de cualquier reclamación** contra ésta **o la eliminación de las alegaciones**, según corresponda. Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo **procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder**. Si el abogado o abogada de la parte no responde a tal apercibimiento, **el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte** sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, **el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones.** El tribunal concederá a la parte un **término de tiempo razonable para corregir la situación** que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término. (Énfasis nuestro).

Como puede apreciarse, la norma procesal establece las consecuencias del incumplimiento de una parte con las órdenes del tribunal. La regla sirve para acelerar la litigación y descongestionar los tribunales de forma que se descarten los pleitos que retrasan el calendario judicial y provocan demoras innecesarias. *Sánchez Rodríguez v. Adm. de Corrección, supra,* pág. 721. El ordenamiento precisa que, cuando se trata de un primer incumplimiento, la sanción severa de la desestimación de la demanda o la eliminación de las alegaciones sólo podrá decretarse luego de **observar un procedimiento progresivo**. Esto es, apercibir al representante legal de la parte sobre la situación y

conceder una oportunidad para su respuesta. Si el abogado desatiende el mandato judicial, entonces, el tribunal debe **imponer sanciones** y notificar directamente a la parte las consecuencias que podría acarrear el incumplimiento reiterado.

Como mencionamos, únicamente procede el decreto de la desestimación del pleito y la eliminación de las alegaciones, siempre y cuando, **se haya apercibido directamente a la parte sobre la orden incumplida, la sanción y las consecuencias**. La Regla 39.2 (a), *supra*, estatuye también que el tribunal debe conceder a la parte con interés un término razonable, no menor de treinta días, para corregir la situación. De esta forma, antes de la desestimación de la reclamación, se brinda a la parte la oportunidad de tomar las salvaguardas necesarias para la defensa de sus derechos. De incurrir en un nuevo incumplimiento, el tribunal estará facultado para desestimar la causa de acción. En fin, la desestimación del caso como sanción prevalece cuando "otras sanciones hayan probado ser ineficaces en el orden de administrar justicia". *Sánchez Rodríguez v. Adm. de Corrección*, *supra*, pág. 721; *Mun. de Arecibo v. Almac. Yakima*, *supra*, pág. 222.

Por supuesto, corresponde al Tribunal de Primera Instancia la dirección de los casos que tiene ante su consideración para la más rápida disposición de los asuntos litigiosos. Por ello, el desarrollo efectivo de los procedimientos requiere que los jueces y las juezas tengan gran flexibilidad y discreción, así como poder y autoridad suficiente, en la aplicación de las medidas correctivas apropiadas, según "su buen juicio, discernimiento y sana discreción". *Pueblo v. Vega, Jiménez,* 121 DPR 282, 287 (1988). Decididamente, estas medidas correctivas cumplen el propósito de disuadir a los contendientes que entorpecen o dilatan los procesos como estrategia de litigación. Por ende, los foros apelativos sólo

intervendremos con estas prerrogativas judiciales en los casos en que se incurra en abuso de discreción, pasión, prejuicio, arbitrariedad, error o cuando sea absolutamente necesario para evitar un fracaso de la justicia. *Id.*; *Continental Ins. Co. v. Isleta Marina*, 106 DPR 809, 815 (1978).

### El descubrimiento de prueba

En nuestro ordenamiento jurídico, el alcance del descubrimiento es amplio y liberal. *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, 2023 TSPR 65, 212 DPR __ (2023);[48] *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 496 (2022); *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021). Este procedimiento sirve varios fines; entre éstos: delimita las controversias, facilita la consecución de evidencia, evitar las sorpresas en el juicio y perpetúa la prueba. *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, *supra*, que cita a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, págs. 333-334. En esencia, la Regla 23.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 23.1, provee para un descubrimiento sobre **cualquier materia, no privilegiada, y pertinente** al asunto en controversia en el pleito pendiente.

Por igual, el Tribunal Supremo ha refrendado una amplia discreción a los tribunales de primera instancia para regular el ámbito del descubrimiento. Los foros primarios tienen la tarea de equilibrar el interés de liberalidad y amplitud, junto a la garantía de una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 153-154 (2000). *Id.*, págs. 154-155; *Lluch v. España Service Sta.*, 117 DPR 729, 742-743 (1986).

### Las enmiendas a las alegaciones

---

[48] Opinión de 8 de mayo de 2023.

Luego que el promovido ha presentado su alegación responsiva, la parte promovente sólo puede enmendar sus alegaciones para incluir cuestiones omitidas o para clarificar reclamaciones con permiso del foro de primera instancia. La autorización para enmendar las alegaciones al amparo de esta regla debe concederse liberalmente. *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184, 198 (2012). Consiguientemente, incluso en etapas adelantadas de los procedimientos, los tribunales poseen amplia discreción para permitir o no la enmienda a una alegación. Claro, esta liberalidad no es infinita. *Id.* El juzgador debe ponderar la concurrencia de los siguientes criterios con el fin de demarcar el ámbito de su discreción: "(1) el impacto del tiempo trascurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada". *Id.*, pág. 199. Entre éstos, **el factor de mayor relevancia es el perjuicio que puede causarse a la parte contraria**. *S.L.G. Font Bardón v. Mini-Warehouse*, 179 DPR 322, 335 (2010). El Tribunal Supremo ha opinado que ocurre un perjuicio indebido cuando la enmienda: "(1) cambia sustancialmente la naturaleza y el alcance del caso, convirtiendo la controversia inicial en tangencial, [u] (2) obliga a la parte contraria a incurrir en nuevos gastos, alterar su estrategia en el litigio o comenzar nuevo descubrimiento de prueba". *Colón Rivera v. Wyeth Pharm.*, *supra*, pág. 204. Por lo tanto, los tribunales primarios deben **considerar el efecto que puede tener en la economía judicial la solicitud de una enmienda a las alegaciones**. *Id.*, pág. 203. A tales efectos, expresó el Tribunal Supremo:

> [M]ientras más tiempo transcurra entre el momento cuando se pudo haber presentado la enmienda y el momento cuando efectivamente se presentó, más probable será concluir que hubo una dilación indebida lo cual, sumado al análisis de los demás factores reconocidos en nuestra jurisprudencia, debe

traducirse a que no se autorice la enmienda. *Id.*, págs. 203-204.

### III.

En la petición de *Certiorari* **KLCE202301153**, el señor Rivera Ortega impugna la trilogía de mandatos judiciales que, en síntesis, ordenó suplementar las contestaciones al *Segundo pliego de interrogatorios y requerimiento de producción de documentos* y advirtió que su incumplimiento acarrearía la anotación de rebeldía y eliminación de las alegaciones; denegó la prueba pericial, ya que el descubrimiento de prueba había finalizado; y declaró sin lugar la petición para enmendar la *Reconvención,* por tardía. Aduce que la enmienda a la *Reconvención* no implica descubrimiento de prueba adicional y que la información de los peritos en materia de electricidad era de conocimiento de la parte recurrida y apelada.

En cuanto a la *Apelación* **KLCE202301178**, el señor Rivera Ortega se limita a argumentar que la actual representación legal inició sus oficios en una "etapa avanzada del caso" y que el foro apelado, así como el señor López Colón, han ignorado las peticiones para una reunión entre las partes. Entonces, indica que "no podrá trabajar con la camisa de fuerza impuesta" por el foro de primera instancia. Basa su contención en que aún no se ha celebrado la *Conferencia con antelación al juicio.*

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil, *supra,* autoriza a esta curia a intervenir cuando, como en este caso, se recurre una decisión sobre la admisibilidad de peritos. Del mismo modo, la Regla 40 del Tribunal de Apelaciones, *supra,* permite nuestra incursión cuando la etapa del procedimiento es la más propicia para su consideración. Bajo ese crisol, discutimos en conjunto las contenciones sobre la denegación a la admisión de prueba pericial y enmiendas a la *Reconvención.*

Conforme se desprende del tracto procesal del caso, el 1 de septiembre de 2022 se incoó la *Demanda* y el 5 de diciembre de 2022, el peticionario y apelante presentó su alegación responsiva y reconvino. Entre sus alegaciones, adujo una supuesta pérdida de ganancias, así como que el señor López Colón se había beneficiado por una conexión eléctrica presuntamente ilegal. Ahora, en el *Informe para el manejo del caso*, el peticionario y apelante únicamente anunció prueba pericial de índole económica. El escrito preliminar atinente a la reclamación dineraria fue notificado a la parte recurrida y apelada el 31 de enero de 2023. Entonces, el 1 de marzo de 2023, el señor Rivera Ortega indicó que el perito prepararía un informe final. En respuesta, el señor López Colón se reservó el derecho de anunciar su propia prueba pericial. No obstante, del expediente se desprende que, a pesar de que el señor Rivera Ortega anunció un informe final, éste no fue suministrado durante el procedimiento de descubrimiento de prueba. Dicho proceso se extendió hasta el 31 de agosto de 2023, conforme lo dispuso el 16 de agosto de 2023 el foro primario en el marco de su discreción. Lo que sí incluyó el señor Rivera Ortega fue un informe preliminar económico, similar al notificado previamente, pero no el escrito final que había anticipado. Entonces, en su escrito de 10 de octubre de 2023, la parte peticionaria y apelante anunció otra prueba pericial técnica para probar sus alegaciones acerca de la alegada toma eléctrica ilegal.

Igualmente, expirado el plazo procedimiento de descubrimiento de prueba, y sin mediar justificación alguna para la demora, la nueva representación legal del señor Rivera Ortega pretendió que se acogiera una *Reconvención* reescrita en la que reclamó daños emocionales ascendentes a $150,000. En cuanto a los daños económicos que había estimado en $365,000; ahora alegó no poder certificar una cantidad exacta porque el informe

pericial no había podido concluirse. Arguyó que ello se debió a que el señor López Colón se negó a suministrar unos documentos solicitados. Es meritorio destacar que el señor Rivera Ortega no señaló en los autos haber acudido al auxilio del tribunal al amparo de las normas procesales civiles que proveen remedios ante las controversias que puedan surgir durante el descubrimiento de prueba.

Según esbozamos, aun cuando el alcance del descubrimiento de prueba es uno amplio y liberal, ello no significa que éste sea infinito. Precisamente, entre las facultades de los foros primarios se encuentra delimitar y concluir el procedimiento de descubrimiento de prueba, según las circunstancias particulares de cada caso. De la misma forma, si bien se concibe de manera liberal las enmiendas a las alegaciones, éstas no deben permitirse si causan un perjuicio indebido a la parte contraria.

En este caso, la inclusión de nuevas reclamaciones monetarias, la ausencia de la presentación oportuna de un informe económico final y el anuncio de nuevos peritos tras haber culminado el descubrimiento de prueba incidirían en retrasos injustificados del pleito. La pretensión del señor Rivera Ortega, además, obligaría a la otra parte a incurrir en gastos para contratar sus propios peritos, tendría el efecto de reabrir el descubrimiento de prueba e, incluso, podría modificar la estrategia legal del recurrido y apelado. Nótese que habían transcurrido diez meses entre la presentación de la *Reconvención* y la enmienda, aun cuando el señor Rivera Ortega conocía sus contenciones, por lo que pudo haber presentado las modificaciones mucho antes; y así evitar una dilación indebida y perjudicial para la parte recurrida y apelada.

Así, pues, concluimos que, ante las circunstancias particulares presentes en el caso, no abusó de su discreción el foro

primario al no permitir la presentación tardía de la *Reconvención* enmendada. Tampoco incidió el foro impugnado al no dar paso a la prueba pericial anunciada en una etapa posterior a la expiración del descubrimiento de prueba. Como se sabe, los tribunales apelativos no debemos modificar las decisiones relacionadas al descubrimiento de prueba y al manejo del caso emitidas por el foro de primera instancia, a menos que medie prejuicio, pasión, parcialidad o error manifiesto. Esta deferencia está cimentada en que dicho foro está en mejor posición para tomar las medidas que permitan el adecuado curso hacia su disposición final, de la forma más justa, rápida y económica posible y en consecución a la búsqueda de la verdad.

De otro lado, con relación a la *Sentencia Parcial,* según expusimos, las partes iniciaron el descubrimiento de prueba durante el mes de diciembre de 2022. El señor López Colón envió un *Primer pliego de interrogatorios y requerimiento de producción de documentos*; mientras que el señor Rivera Ortega notificó el informe preliminar del perito economista.

El 10 de marzo de 2023, el señor Rivera Ortega recibió un *Segundo pliego de interrogatorios y requerimiento de producción de documentos.* Luego de ser compelido mediante sanciones a la representación legal por parte del foro primario, el peticionario y apelante contestó el mecanismo de prueba el 18 de mayo de 2023. No obstante, el señor López Colón objetó las respuestas. El 5 de julio de 2023, el tribunal notificó una *Orden* para que el señor Rivera Ortega suplementara las respuestas y advirtió la imposición de sanciones.

Ante el incumplimiento de este mandato, el foro primario sancionó nuevamente a la representación legal y apercibió directamente a la parte peticionaria y apelante sobre la eliminación de las alegaciones y la anotación de rebeldía. Con nueva

representación legal, el 14 de septiembre de 2023, el señor Rivera Ortega aseguró que suplementó el *Segundo pliego de interrogatorios y requerimiento de producción de documentos*. Sin embargo, sus contestaciones no fueron responsivas ni éste suministró los documentos solicitados. Por consiguiente, el foro de primera instancia le ordenó otra vez a suplementar las contestaciones y reiteró que el incumplimiento conllevaría la eliminación de las alegaciones y la anotación de rebeldía. La notificación de 20 de septiembre de 2023 muestra el envío directo a la parte peticionaria y apelante.

Luego de evaluar las contestaciones provistas por el señor Rivera Ortega, el tribunal *a quo* reafirmó su pronunciamiento el 2 de octubre de 2023, es decir, su orden y la advertencia de las consecuencias si la misma se incumplía una vez más. Este dictamen también fue notificado directamente a la parte peticionaria y apelante. En respuesta, el señor Rivera Ortega se reafirmó en sus contestaciones. Consecuentemente, el foro apelado ejecutó sus previos apercibimientos al eliminar las alegaciones del peticionario y apelante, anotarle su rebeldía y desestimar, sin perjuicio, la *Reconvención* instada.

En la causa del epígrafe, conforme los reclamos de la parte recurrida y apelada,[49] el señor Rivera Ortega no fue responsivo al suplementar sus contestaciones. Por ejemplo, éste se limitó a consignar los números de teléfono y omitió informar las direcciones de las personas que trabajaron en la panadería durante los años 2021 y 2022; no produjo documentación capaz de sustentar que contrató a esos empleados mediante acuerdos de servicios profesionales y tampoco suplió los formularios exigidos por el Departamento de Hacienda ni la póliza de la Corporación del

---

[49] Según citado antes, refiérase, Apéndice del *Alegato de la parte recurrida*, págs. 76-82, con anejo a las págs. 83-85.

Fondo del Seguro del Estado. El peticionario y apelante no evidenció haber realizado las gestiones necesarias para obtener los documentos solicitados y otros relacionados con las licencias requeridas para el negocio de las panaderías, como la inoculación de alimentos. Por igual, el señor Rivera Ortega se negó a suministrar la información solicitada sobre las ventas e ingresos recibidos como resultado de la operación de Maná's Bakery, aun cuando reclamó en su *Reconvención* el pago de las ganancias dejadas de devengar.

Contrario a lo alegado, el tracto del pleito muestra un devenir procesal en el que se observaron rigurosamente las medidas progresivas requeridas por nuestro ordenamiento jurídico. Ciertamente, las ya reseñadas sanciones y múltiples notificaciones y advertencias a la representación legal y directamente a la parte peticionaria apelante resultaron infructuosas. Incluso, la nueva representación legal, lejos de reparar las reiteradas inobservancias a las órdenes judiciales, se reafirmó en un suplemento de contestaciones, luego que el tribunal señalara expresamente que no eran responsivas.[50] Por consiguiente, es forzoso concluir que se justificó la anotación de rebeldía, la eliminación de las alegaciones y la desestimación, sin perjuicio, de la *Reconvención*.

Es conocido que el foro de primera instancia es el encargado de encaminar procesalmente los asuntos ante su consideración; y es quien está mejor capacitado para manejar el caso ante sí. A nuestro juicio y luego de evaluar los documentos atinentes, coincidimos con el foro impugnado en que la parte peticionaria y apelante no fue responsiva en las contestaciones del interrogatorio ni proveyó la documentación solicitada por su contendiente. En consecuencia, procedía la ejecución de las numerosas

---

[50] Conforme lo aludido, véase, Apéndice del *Alegato de la parte recurrida*, págs. 95-98.

advertencias, que apercibieron directamente al señor Rivera Ortega sobre la anotación de rebeldía, la eliminación de las alegaciones, así como de la desestimación, sin perjuicio, de la *Reconvención*. Huelga mencionar que la eliminación de las alegaciones y la anotación de rebeldía no sólo están contempladas entre las sanciones a imponer por la desobediencia de órdenes judiciales, relacionadas con el descubrimiento de prueba, sino que de los autos se desprende su justificación. Nuestro Tribunal Supremo ha expresado que la judicatura debe "hacer uso de los mecanismos procesales disponibles para asegurar el control judicial desde una etapa temprana, incluso en aquellos casos que no sean categorizados como complejos". *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc., supra.*

En suma, somos del criterio que los dictámenes judiciales que aquí se impugnan no son producto de un proceder arbitrario por parte del foro primario, sino el resultado de las propias acciones de la parte peticionaria y apelante, al dejar de cumplir las órdenes judiciales y hacer abstracción de las etapas del pleito, provocando retrasos innecesarios. Véase que, al tiempo de los anuncios de prueba pericial y petición de enmienda a las alegaciones, la nueva representación legal del señor Rivera Ortega llevaba un mes relacionándose con el caso, durante el cual postergó el cumplimiento de las órdenes del tribunal e, incluso, se reiteró en unas contestaciones no responsivas. Por tanto, la parte peticionaria y apelante debe asumir las consecuencias de su conducta. Evaluado el tracto procesal del caso, resultaría injusto permitir la prueba pericial anunciada y las enmiendas a la *Reconvención* a favor de una parte que durante meses ha permanecido incólume ante las sanciones impuestas por su propio incumplimiento en el descubrimiento de prueba.

Justipreciamos que, al utilizar la sanción drástica de la desestimación permitida por la Regla 39.2 (a) de Procedimiento Civil, *supra*, el foro primario cumplió con el proceso escalonado correspondiente. El tribunal apercibió a la representación legal del señor Rivera Ortega y la sancionó en varias ocasiones para que acatara sus órdenes. De igual modo, informó directamente a la parte peticionaria y apelante sobre la situación y advirtió las consecuencias de la falta de atención al mandato judicial. Asimismo, concedió un término razonable a la nueva representación legal para que subsanara lo incumplido. Frustrados los previos intentos, opinamos que el foro *a quo* estaba facultado para imponer las medidas de eliminación de las alegaciones y la anotación de rebeldía, así como decretar de forma justificada la desestimación de la *Reconvención*.

## IV.

Por los fundamentos expuestos, expedimos el auto de *Certiorari* KLCE202301153 y confirmamos las *Órdenes* recurridas. En cuanto a la *Sentencia Parcial,* confirmamos el dictamen apelado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones